[Cite as *State v. LaTorres*, 2016-Ohio-7845.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-056** |
| JOSE M. LATORRES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2015 CR 000846.

Judgment: Affirmed.


*Charles E. Coulson,* Lake County Prosecutor*,* and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Jose M. LaTorres, appeals from the judgment on sentence issued by the Lake County Court of Common Pleas. We affirm.

{¶2} The charges in this matter arose from appellant's arrest in Mentor, after the vehicle in which he was a passenger was stopped by police. The stop was premised upon the suspicion that other individuals in the vehicle had shoplifted from Walmart. During a search of the vehicle, officers found various items used in the

production of methamphetamine ("meth"), as well as a small amount of meth. A co-defendant advised police that appellant was the "cook."

{¶3} Appellant was indicted on one count of illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree, in violation of R.C. 2925.041. Appellant ultimately entered a plea of guilty to the indictment. He was sentenced to a term of 36 months imprisonment. He now appeals assigning the following as error:

{¶4} "The trial court erred by sentencing the defendant-appellant to a maximum, thirty-six month prison term."

{¶5} Appellant asserts the 36-month prison term was contrary to law because the trial court's findings, entered pursuant to R.C. 2929.12, were not supported by the record.

{¶6} "R.C. 2953.08(G) and the clear and convincing standard should be applied to determine whether a felony sentence is contrary to law." *State v. Bryant*, 11th Dist. Trumbull No. 2015-T-0100, 2016-Ohio-4928, ¶54, citing *State v. Ernest*, 11th Dist. Lake No. 2014-L-108, 2015-Ohio-2983, ¶60. *See also State v. Marcum*, Slip Opinion Nos. 2014-1825 and 2014-2122, 2016-Ohio-1002, ¶1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.")

{¶7} In reviewing a felony sentence, R.C. 2953.08(G) provides:

{¶8} (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶9} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶10} (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶11} (b) That the sentence is otherwise contrary to law.

{¶12} Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. Appellant takes issue with the trial court's consideration and application of the R.C. 2929.12 factors.

{¶13} Appellant specifically contends his sentence was contrary to law because the trial court ignored or discounted certain factors in R.C. 2929.12 that made his behavior less serious and failed to give adequate weight to the factors that supported his request for a less severe sentence. Appellant principally focuses on the trial court's finding that appellant committed the worst form of the offense. He asserts, compared with others who have been charged with illegal assembly, the facts underlying his charge were not particularly onerous. We do not agree.

{¶14} In pronouncing sentence, the trial court stated:

{¶15} The Court's considered the record, oral statements made, pre-sentence report, drug and alcohol evaluation, my conference in chambers with counsel and probation, and the statements of the Defendant and the Defendant's counsel. The Court has also considered the overriding purposes of felony sentencing pursuant to Revised Code 2929.11 which are to protect the public from further crime by this offender and other similarly situated, and to punish this offender using

3

the minimum sanctions that the Court determines accomplish the purposes without imposing an unnecessary burden on state or local governmental resources. I have considered the need for incapacitation, deterrence, rehabilitation, and restitution. I've considered the separate recommendations of the parties. I've reasonably calculated this sentence to achieve the two overriding purposes of felony sentencing and to be commensurate with and not demeaning to the seriousness of this offender's conduct and its impact on society, and to be consistent with sentences imposed for similar crimes committed by similar offenders. In using my discretion to determine the most effective way to comply with the purposes and principles of sentencing, I have considered all relevant factors including the seriousness and recidivism factors set forth in 2929.12. There are factors that make the offense more serious. The offender acted as part of an organized criminal activity, and that Defendant committed the worst form of this offense. There are no factors making the offense less serious. In terms of recidivism, the offense was committed while on bail, awaiting sentence, or under community sanctions. There is a long history of criminal convictions and delinquency adjudications. He's not responded favorably to previously imposed sanctions. Alcohol and drug abuse are related to the offense, and the offender either denies a problem or has refused treatment. The Court finds no genuine remorse. The Court finds the Defendant has the greatest likelihood of committing future crimes.

{¶16} Appellant notes that he was a passenger in a vehicle where a small amount of meth was found and various items used in the production of meth were seized. Facially, these facts might indicate the offense would not support the court's "worst-form-of-the-offense" finding. While addressing the court, however, the prosecutor noted, without objection from appellant, that appellant was a meth "cook." And, to obtain ingredients, he enlisted two females to steal necessary items from stores so he could manufacture the drug.

{¶17} Appellant's charge was premised upon facts that appear relatively benign. The surrounding facts, which cannot be ignored or discounted, however, demonstrate

4

he manufactures meth and, to that end, he encourages or, at least, ratifies the commission of theft offenses by third parties to assist in his criminal endeavors. In light of these points, we conclude the trial court did not err in finding appellant's conviction for illegal assembly or possession of chemicals for the manufacture of drugs was the "worst form of the offense."

{¶18} Appellant additionally asserts that his addiction to meth and other drugs, as well as his purportedly unstable home life as a child, militate in favor of a less severe sentence. Although appellant's addictions and his upbringing are biographical aspects that must be considered in evaluating his criminal conduct, they do not necessarily reduce the severity of appellant's actions. And, even if, in some way, appellant's addictions and upbringing served to ameliorate his conduct in this case, his status as a meth cook who ostensibly intended to use the stolen items found in the vehicle to manufacture the drug negate any inference that the circumstances of the case, as a whole, are "less serious" than the court estimated. In light of the foregoing, as well as appellant's significant history of criminal convictions and juvenile adjudications, we conclude the record supports the trial court's 36-month sentence and the term imposed was consistent with the law.

{¶19} Appellant's assignment of error is without merit.

{¶20} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

DIANE V. GRENDELL, J.,

concur.

5